IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| VENNESSA ELLSWORTH, natural child of Donald Dale Ellsworth, Jr., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> K&B TRANSPORTATION, INC., *et al.*, <br><br> Defendants, <br><br> and <br><br> K&B TRANSPORTATION, INC., <br><br> Third Party Plaintiff, <br><br> vs. <br><br> STAR FREIGHT, LLC, <br><br> Third Party Defendant. | Case No. 3:18-CV-05006-MDH |

## ORDER

Before the Court is Star Freight, LLC's Motion to Dismiss. (Doc. 83). Defendant/Third Party Plaintiff K&B Transportation has filed an opposition to the motion. (Doc. 87). The motion is ripe for review and for the reasons stated herein, the Court denies the motion to dismiss.

## BACKGROUND

Plaintiffs, the children of Donald Ellsworth, filed this wrongful death lawsuit arising out of a tractor trailer collision on I-49 in Barton County, Missouri. The case was originally filed in state court but was subsequently removed. Plaintiffs allege that on January 6, 2015, Antoin Crawford was driving a semi-truck owned and/or leased by K&B Transportation when he became

1

fatigued and ultimately fell asleep causing his semi-truck to run off the interstate and strike a concrete bridge rail. The tractor of the vehicle Crawford was driving fell into the median between the southbound and northbound lanes of I-49 blocking the passing lane of southbound I-49. Dale Burdick was driving a semi-truck owned and/or leased by John Giles Trucking, and Donald Ellsworth was traveling as a passenger in the sleeper berth. Burdick's semi-truck struck the tractor trailer owned and operated by K&B Transportation that was blocking I-49, causing the deaths of Burdick and Ellsworth.

Plaintiffs allege both K&B Transportation and John Giles Trucking, along with their drivers, were negligent and at fault for the death of Ellsworth. K&B Transportation filed a Third Party Complaint against Star Freight, alleging it was in a joint venture agreement with John Giles Trucking and is therefore vicariously liable for the alleged negligence of John Giles Trucking and its drivers. Star Freight now moves to dismiss the third party claims arguing the terms of the Broker Transportation Agreement between John Giles Trucking and Star Freight does not establish a joint venture and as a result there can be no vicarious liability.

**STANDARD**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

Here, K&B's two count Third Party Complaint seeks indemnification and/or contribution from Star Freight to the extent it caused, or contributed to cause, Plaintiffs' alleged damages. Count I is a claim for negligence based on vicarious liability as a joint venturer and Count II is a claim for Star Freight's alleged negligence in hiring, dispatching, retaining, and training Burdick and Ellsworth. Star Freight moves to dismiss these claims arguing a joint venture does not exist because: 1) Missouri courts are hesitant to imply the existence of joint ventures between corporations; and 2) the express written contract between the parties establishes a different business form and eliminates the argument of an implied joint venture agreement. Star Freight argues the Broker Carrier Transportation Agreement, attached to K&B's Third Party Complaint, does not create a joint venture and that K&B cannot meet the requirement of joint control.

In response, K&B argues it alleges enough to state a claim for negligence and joint venture. K&B argues its complaint alleges the elements of a joint venture, including: 1) an agreement; 2) a common purpose; 3) community of pecuniary interest; and 4) equal right of control. K&B also states the allegations go beyond the Broker Carrier Transportation Agreement and that is not the only basis for its claims. After reviewing the record before the Court, and the Third Party Complaint, the Court agrees and finds K&B has stated a claim for relief that survives the scrutiny of a 12(b)(6) motion to dismiss. Whether K&B will ultimately be able to establish a joint venture,

3

either based on the written agreement, or otherwise, is not before the Court at this time. Nor is the issue of whether K&B will be able to prevail on their negligence claims. A determination of the issues regarding the alleged joint venture and vicarious liability will require the Court's analysis of evidence beyond the pleadings and therefore the Court denies the motion to dismiss.

## CONCLUSION

Wherefore, for the reasons stated herein, the Court **DENIES** the pending Motion to Dismiss. (Doc. 83).


**IT IS SO ORDERED.**

**Date: January 8, 2019**                    **/s/ Douglas Harpool**
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**